

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MUELLER,

                Plaintiff,

    -against-

I.C. SYSTEM INC.,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-336 (AMD) (RML)

**ANN M. DONNELLY,** United States District Judge:

On January 17, 2018, the plaintiff brought this action against I.C. System Inc., on behalf of himself and others similarly situated, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (ECF No. 1.) The plaintiff amended the complaint on July 16, 2018. (ECF No. 13.) The defendant moved to dismiss the amended complaint for failure to state a claim on December 14, 2018. (ECF No. 16.) For the reasons that follow, I deny the motion.

## BACKGROUND[1]

The plaintiff opened a "personal account for electric service" from Liberty Power, but at some point stopped paying his bills. (ECF No. 1 ¶¶ 18-32.) "Within the one year immediately preceding" the complaint, the defendant contacted the plaintiff multiple times and left "numerous messages" in an effort to collect the plaintiff's debt to Liberty Power. (ECF No. 1 ¶ 34.) The complaint includes two examples of the messages: on January 23, 2017, Steven Deruyter said he was calling from I.C. System, asked that the plaintiff contact him at (866) 467-7545, and gave the

---

[1] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

1

plaintiff a reference number; on March 22, 2017, Kary Tweeten said she was calling from I.C. System, and left the same phone number and reference number. (ECF No. 1 ¶¶ 35-36.) The callers did not say that they were calling about collecting a debt. (ECF No. 1 ¶¶ 37-38.)

The plaintiff alleges that the defendant's messages violated Sections 1692d and 1692e of the FDCPA because they were "deceptive and harassing per se." (ECF No. 1 ¶ 41.) According to the plaintiff, the callers "secreted the identity of the defendant," and did not specify that the call was about collecting a debt; thus, the plaintiff says, the "only way" he or the least sophisticated consumer could find out the reason for the call was to call the number back and speak to a debt collector. (ECF No. 1 ¶¶ 41-44, 51, 57.)

The defendant moves to dismiss the complaint on the theory that the plaintiff's debt arose from a commercial service contract rather than a consumer transaction, and therefore is not covered by the FDCPA. (ECF No. 16 at 2-5.) As support for this argument, the defendant cites the one-page service contract between the plaintiff and Liberty Power[2] entitled "Energy Services Enrollment Agreement – New York Commercial NON DTD" with the designation "Business Type: Corporation" at the top. (ECF No. 16-1.)

The plaintiff alleges in the amended complaint that he "did not signify that the customer opening the account with Liberty Power was a Corporation which was doing business in the plaintiff's name." (ECF No. 1 ¶ 26.) The plaintiff says that he requested that electrical service be

---

[2] In his complaint, the plaintiff describes the contract and references its terms, but does not attach it as an exhibit. (*See* ECF No. 1. ¶¶ 21-22 ("The service contract only listed plaintiff as the "Customer.")) The defendant attaches the service contract to its motion. (ECF No. 16-1.) Both parties cite the contract, and the plaintiff does not object to the Court considering it; accordingly, I consider the contract in deciding this motion. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

provided to his home in his personal capacity and that he has never owned or done business as a corporation. (ECF No. 1 ¶¶ 22-30.)

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Although the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The only issue is whether the plaintiff's debt was a consumer debt —to which the FDCPA would apply — or a commercial debt, which the FDCPA does not cover. *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (summary order); *see also* 15 U.S.C. § 1692(a)(5). The FDCPA applies only when a debt collector attempts to collect "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) (emphases added); *Scarola*, 638 F. App'x at 102. "To determine whether a particular debt is commercial or personal in nature, courts examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended." *Cohen v. Potenza*, No. 15-CV-3825, 2016 WL 6581233, at *8 (E.D.N.Y. Nov. 3, 2016).

While the plaintiff's contract with Liberty Power does include a check box describing the "customer" as a "corporation," the plaintiff asserts that his intent in signing the contract was to obtain electricity for his home. The plaintiff represents that he has never owned or done business as a corporation, that he requested a personal account with Liberty Power, and the electricity was in fact used for "personal, family, or household purposes." At this early stage, drawing all reasonable inferences in the plaintiff's favor, I find that the plaintiff has sufficiently pled that he owed a consumer debt, rather than a commercial debt. *See Munroe v. Nationstar Mortg. LLC,* 207 F. Supp. 3d 232, 242 (E.D.N.Y. 2016) (denying motion to dismiss where plaintiff alleged a consumer debt and defendant did not demonstrate the debt was outside the scope of the FDCPA); *Derisme v. Hunt Leibert Jacobson, PC,* No. 3:10-CV-244, 2010 WL 4683916, at *3 (D. Conn. Nov. 10, 2010) (plaintiff's allegation that she incurred underlying debt for personal, family, or household purposes sufficient to deny motion for judgment on the pleadings); *cf. Scarola,* 638 F. App'x at 102-103 (debt from transactions related to a business telephone account was a commercial debt not covered by FDCPA).

## CONCLUSION

The defendant's motion to dismiss is denied.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 25, 2019

4